UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFONSO HERNANDEZ-RAMIREZ,<br><br>Defendant. | Case No. CR18-279-RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR REDUCED SENTENCE |

This matter comes before the Court on defendant's motion to reduce sentence (Dkt. # 98) and the Government's response (Dkt. # 100). Having considered the parties' submissions and the record contained herein, the Court DENIES defendant's motion.

**I.    Background**

Defendant is a 57-year-old inmate currently incarcerated at MCFP Springfield, an administrative security federal medical center located in Springfield, Missouri. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited Dec. 30, 2025). *See also* Dkt. # 100 at 3:3–5. His projected release date is Aug. 30, 2028. *Id*. On Oct. 8, 2024, defendant pled guilty to Conspiracy to Distribute Controlled Substances, in violation of 21

ORDER DENYING DEFENDANT'S MOTION FOR
REDUCED SENTENCE - 1

U.S.C. § 841(a)(1), 841(b)(1)(C), and 846. Dkts. # 85, # 88, # 97. On Jan. 16, 2025, this Court sentenced defendant to 60 months (5 years) plus three years of supervised release. Dkt. # 96.

## II. Defendant's Motion for Reduced Sentence

On July 14, 2025, defendant, proceeding pro se, filed a "Motion Amendment 821 and 2241." Dkt. # 98. Defendant appears to be seeking a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. *Id*. Defendant also seeks appointment of counsel to help with his request for a reduced sentence. *Id*.

In addition, defendant makes a second claim that states, in its entirety: "The defendant claims that his attorney coerced him and intimidated him into agreeing. The defendant was never explained his circumstances and he feels that his lawyer was not effective and treated him as the lawyer was the prosecutor." *Id*.

### 1. Legal Framework

Documents filed pro se are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e). Here, liberally construing defendant's motion, defendant is seeking a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S.S.G, which contains two parts. Dkt. # 98. Part A reduces the number of "status points" given to certain offenders who appear before a sentencing judge with a prior criminal history. U.S.S.G. § 4A1.1(e). Part B, commonly known

ORDER DENYING DEFENDANT'S MOTION FOR
REDUCED SENTENCE - 2

as the "zero-point offender" adjustment, provides a two-level reduction in the offense level for certain defendants with no criminal history. U.S.S.G. § 4C1.1(a). *See also United States v. Berrelleza-Verduzco*, No. CR12-62RSL, 2024 WL 1888473, at *1 (W.D. Wash. Apr. 30, 2024).

> To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements.

*Id.* (citing *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam)).

### 2. Defendant Does Not Qualify for a Reduction in Sentence Under Amendment 821

Defendant was not assessed any status points at his sentencing. *See* PSR, Dkt. # 91 at ¶¶ 30–32. *See also* Dkt. # 100 at 2:24–3:2. Thus Amendment 821, Part A does not apply to defendant. U.S.S.G. § 4A1.1(e). At his sentencing defendant was given three criminal history points under U.S.S.G. § 4A1.1(a) due to his prior drug-related convictions in Whatcom County Superior Court. *See* PSR, Dkt. # 91 at ¶ 30. *See also* Dkt. # 100 at 2:24–3:2. Thus Amendment 821, Part B does not apply to defendant. U.S.S.G. § 4C1.1(a)(1) (zero-point offender reduction applies only if "the defendant did not receive any criminal history points . . . ."). Therefore, defendant does not meet the first requirement for a sentence reduction under 18 U.S.C. § 3582(c)(2), which is that "the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines

ORDER DENYING DEFENDANT'S MOTION FOR
REDUCED SENTENCE - 3

amendment." *Berrelleza-Verduzco*, No. CR12-62RSL, 2024 WL 1888473, at *1 (W.D. Wash. Apr. 30, 2024) (citing *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam)).

Defendant has requested that counsel be appointed to help him secure a sentence reduction under Amendment 821. Dkt. # 98 at 1. As discussed above, Amendment 821 is not applicable to defendant's situation. In addition, the Federal Defender's Office has reviewed defendant's motion and elected not to seek appointment. Dkt. # 100 at 7:5–7. Therefore, the Court declines to appoint counsel for defendant to pursue a sentence reduction under Amendment 821. *See also* Dkt. # 100 at 7:8–21.

### 3. Defendant's Claims of Coercion and Intimidation by His Attorney Need More Explanation

As the Government notes, defendant's contention that "his attorney coerced him and intimidated him into agreeing"; "never explained his circumstances"; and "was not effective" does not constitute a claim pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2). Dkt. # 100 at 8. After entering into a plea agreement, defendant received a 60-month sentence, far below the Guidelines range of 151–188 months. Dkts. # 88, 92, 96. To understand the claim defendant is making regarding his attorney, the Court requires more specificity regarding the alleged actions of defendant's attorney and more specificity regarding the relief defendant is requesting due to the alleged actions of his attorney. Thus, the Court will dismiss this claim without

prejudice and defendant may file a new motion clearly stating the facts and law related to this claim.

If defendant is alleging ineffective assistance of counsel, the Court advises defendant that there is a one-year deadline for filing habeas petitions under 28 U.S.C. § 2255. That one-year deadline runs from "the latest of" several potential events, one of which is "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f). In this matter, the judgment of conviction was entered on January 16, 2025. Dkt. # 97. This Court is aware that defendant may not receive a copy of this order until after January 16, 2026, and notes that "[u]nder the doctrine of equitable tolling, a limitations period may be tolled when 'extraordinary circumstances beyond [the defendant's] control made it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *United States v. Marin-Torres*, 430 F. Supp. 3d 736, 743 (D. Or. 2020).[1]

**III. Conclusion**

For all the foregoing reasons, defendant's motion to reduce sentence (Dkt. # 98) is DENIED. Defendant's claim concerning his attorney's alleged conduct is DISMISSED without prejudice to defendant filing a new motion clearly stating the facts and law related to that claim.

---

[1] In *Marin-Torres*, the court also addressed the separate issue of whether a post-deadline motion for extension of time to file a Section 2255 motion must be filed concurrently with the Section 2255 motion itself. *Id.* at 739–40. The *Marin-Torres* court held that the post-deadline motion for extension of time and the Section 2255 motion must be filed concurrently.

ORDER DENYING DEFENDANT'S MOTION FOR
REDUCED SENTENCE - 5

IT IS SO ORDERED.

DATED this 12th day of January, 2026.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR
REDUCED SENTENCE - 6